David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Northern District of New York

| | |
|---|---|
| Leslen Oxford, | ) |
| Plaintiff, | ) Case No. 5:22-cv-01315 (BKS/ATB) |
| - against - | ) |
| Mas Mifbah Uddin et al. in their capacity as trustees of the District Council 37 Health & Security Plan Trust a/k/a District Council 37 Health & Security Plan Trust a/k/a DC 37 Health & Security Benefits a/k/a DC 37 Health & Security Plan and District Council 37, AFSCME, AFL-CIO, Mas Mifbah Uddin in capacity as treasurer, | ) **Complaint** |
| Defendants. | ) |

Plaintiff, complaining of the Defendants by her attorneys, respectfully sets forth and alleges as follows:

**I.   Introduction**

1.   This matter is an employment claim for failure to accommodate a sincerely held religious belief in violation of Title VII as well as state and local civil rights laws. As set forth in more detail below, Defendants unlawfully required Plaintiff to accept a COVID-19 vaccination against her religious beliefs even though she could have been accommodated with minimal hardship.

**II.   Parties**

2.   Plaintiff Leslen Oxford ("Ms. Oxford") is a natural person residing in the State of New York.

3. Defendant District Council 37 Health & Security Plan Trust a/k/a District Council 37 Health & Security Plan Trust a/k/a DC 37 Health & Security Benefits a/k/a DC 37 Health & Security Plan (the "Primary Employer") is an unincorporated trust with a principal office in the State of New York and Defendants Mas Mifbah Uddin et al. are trustees of the Primary Employer.

4. Defendant District Council 37, AFSCME, AFL-CIO (the "Secondary Employer") is an unincorporated labor organization with a principal office in the State of New York. Upon information and belief, Mas Mifbah Uddin is the treasurer of the Secondary Employer within the meaning of New York General Association Law Section 13.

### III. Jurisdiction, Venue and Exhaustion of Administrative Remedies

5. The Court has personal jurisdiction over the Defendants in that all Defendants are located in the State of New York.

6. The Court has subject matter jurisdiction over this matter in that Plaintiff asserts a claim under Federal Law, namely Title VII of the Civil Rights Act of 1964 and the remaining claims form part of the same case or controversy.

7. Venue in the Northern District of New York is proper in that Title VII permits venue to be laid in any district in the state where the alleged unlawful employment practices took place.

8. Plaintiff has exhausted her administrative remedies in that she filed a formal charge of discrimination with the EEOC with respect to the matters alleged herein and received a Notice of Right to Sue.

### IV. Background

9. The Secondary Employer is a labor organization, and the Primary Employer is a trust set up in connection with the Secondary Employer's operations.

10. Ms. Oxford was jointly employed by the Primary Employer and Secondary Employer (collectively, the "Employer" or "DC-37") from 2003 until she was placed on administrative

leave by her Employer in or about March of 2022. Her final position was Health & Pension Counselor.

11. On December 13, 2021, The Order of the Commissioner of Health and Mental Hygiene and on December 15, 2021, the New York City Mayor, through Emergency Executive Order 317, declared a COVID-19 Vaccine Mandate for the workplace ("NYC Vaccine Mandate"). The NYC Vaccine Mandate required that all NYC private sector workers, must provide proof of vaccination against COVID-19 to their employers before entering the workplace by December 27, 2021. The Commissioner's Order and Mayor's Executive Order permitted reasonable accommodation for medical or religious reasons.

12. In late 2021, the Employer adopted a vaccine mandate policy (the "Vaccine Mandate Policy"), i.e. required all employees to get the COVID-19 vaccine as a condition of employment even if it was possible for those employees to work remotely.

13. Although in theory the Vaccine Mandate Policy included the possibility of medical and religious exemptions, in practice the Employer was extremely hostile to such exemptions as set forth below.

14. On December 27, 2021, Plaintiff completed the required Reasonable Accommodation Request for Exemption to NYC Vaccine Mandate and attached a written letter based on her sincerely held religious beliefs, which was submitted to her employer. As set forth in her application materials (which are incorporated herein by reference) Plaintiff has a sincerely held religious belief against vaccines which prevents her from getting the COVID- 19 vaccines.

15. In connection with that application, the Employer retained the law firm of Cohen Weiss & Simon LLP ("Cohen Weiss") to interview Ms. Oxford (and other applicants) and make recommendations as to whether a religious exemption was warranted. On February 9, 2022, Attorney Eyad Asad from Cohen Weiss interviewed Ms. Oxford.

16. Upon information and belief, Cohen Weiss was not hired to evaluate such applications objectively and in good faith but rather to look for any possible basis to deny such applications.

17. For example, the New York City guidelines for evaluating exemption applications identifies several different factors and states that "if any of the above are checked, Worker may qualify for a religious accommodation." (emphasis added) In other words the New York City checklist does not require that the worker satisfy each and every factor.

18. Despite this, Cohen Weiss took the position that Ms. Oxford had to satisfy all of the factors in order to qualify. So, for example more than 20 years ago Ms. Oxford, as an 18-year-old, was given a vaccine around the time of her entry to the United States. Ms. Oxford explained this to Cohen Weiss, for whom this apparently meant that Ms. Oxford had "taken other vaccines previously" and was therefore categorically ineligible (presumably for the rest of her life) for any kind of religious exemption to a vaccine requirement.

19. Indeed, the checklist itself states that if the worker has taken other vaccines previously, then he or she should be given the opportunity to explain why those vaccines were not against their religion.  Ms. Oxford was given no such opportunity. Indeed, the Defendants have attempted to conceal this fact by asserting that Ms. Oxford failed to provide an explanation while at the same time omitting the fact that she was never asked for an explanation. Several questions Cohen Weiss claimed to have asked Ms. Oxford and asserted that she refused to answer were never asked at all. Further, other information provided by the plaintiff in her responses was omitted. This type of falsehood by omission demonstrates the Defendants' bad faith.

20. Simply put, the evidence indicates that Cohen Weiss was mainly looking to catch Ms. Oxford off guard and prepare a case denying her the exemption rather than to evaluate her exemption claim in good faith. On February 10, 2022, Cohen Weiss denied Ms. Oxford religious exemption against the COVID-19 vaccine. Plaintiff denial memorandum states:

"Your request for a religious exemption from the NYC Vaccine Mandate has been denied. Your request was carefully evaluated by an outside legal consultant and took into consideration the Guidance on Accommodations for Workers issued by the NYC Department of Health and Mental Hygiene as well as your written submission in support."

21. On February 18, 2022, Ms. Oxford submitted a required DC37 Vaccine Mandate Reasonable Accommodation Appeal with a written appeal letter for religious exemption explaining in detail her sincerely held religious belief and how vaccines conflict with her sincerely held religious beliefs. On February 25, 2022, Ms. Oxford was interviewed by DC37's Sr. Assistant General Counsel and EEO Officer Erica Gray-Nelson. On March 7, 2022, Ms. Oxford's appeal for religious exemption was denied. Defendants never provided Ms. Oxford with any reason for the denial. Plaintiff's appeal memorandum denial states: "Your appeal of the decision denying your request for a religious exemption from the NYC vaccine mandate has been considered and denied". The above denials were generalized and vague.

22. Ms. Oxford was given until March 11, 2022, to comply with the NYC vaccine mandate by providing a vaccine card or a letter before March 18, 2022, from a medical provider that she has a scheduled appointment to be vaccinated.

23. During the entire reasonable accommodation process Ms. Oxford continued to work remotely and continuously contributed to the day-to-day operation by servicing District Council 37 members remotely and provided virtual meetings to Local Presidents, Shop Steward meetings etc. These virtual meetings were held during the day and evening.

24. If Ms. Oxford's exemption claim had been evaluated in good faith, it would have been granted since (1) her objection to vaccination stems from a sincerely held religious belief; and (2) she could have been accommodated without undue hardship to the Employer, for example by permitting her to continue to work remotely.

25.     In fact, DC37 and its affiliates sent a Memorandum to all its employees on December 13, 2021, encouraging everyone to get vaccinated. They omitted any mention of the employees' right to apply for religious or medical accommodation in contravention of the City of New York's Orders mentioned above.

26.     Accordingly, the Employer violated Ms. Oxford's rights under Federal law, State and local human rights law.

27.     Indeed, the Employer appears to agree with Ms. Oxford's position. On or about September 14, 2021 the Employer released a formal press release which stated as follows: "While we do believe our members should get the vaccine, we do not believe it should be a condition of employment. Clearly, the courts agree."

28.     Further, Ms. Oxford's religious belief could have been accommodated with minimal burden since the sort of counseling work and paperwork she performed could easily and effectively be done remotely and indeed she had been performing such work remotely in a satisfactory manner since 2020.

**V.      Causes of Action and Demand for Relief**

Count One: Violation of State and Local Human Rights Law

29.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

30.     The Employer is covered by the New York State and City Human Rights laws in that at all times relevant to this matter it employed more than 4 persons. Moreover, Ms. Oxford was employed in the City of New York.

31.     The Employer violated the State and Local Human Rights Law as set forth above.

Count Two:  Violation of Title VII

32.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

33.     The Employer is covered by Title VII of the Civil Rights Act of 1964 in that at all times relevant to this matter it employed more than 15 persons.

34.      The Defendants violated Title VII of the Civil Rights Act of 1964 as set forth above.

WHEREFORE Ms. Oxford demands judgment against the Defendants for lost wages and punitive damages, compensatory damages, immediate reinstatement in her position, and such other damages all including attorney's fees, interest, and costs, in an amount not to exceed $1,000,000 together with such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Plaintiff
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Steven Kaufman, Attorney at Law
225 Broadway Suite 2000
New York, NY 10007
Tel. 212-564-9633 Fax 212-564-9639

Dated: New York, NY
           December 6, 2022

**VI.     Jury Demand**

Plaintiff demands a trial by jury as to all issues so triable.

_____

David Abrams, Attorney at Law
 Attorney for Plaintiff
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Steven Kaufman, Attorney at Law
225 Broadway Suite 2000
New York, NY 10007
Tel. 212-564-9633 Fax 212-564-9639

Dated:  New York, NY
        December 6, 2022